No. 55,125

STATE OF KANSAS, *Petitioner,* v. LOREN H. HOHMAN, SR., *Respondent.*

(660 P.2d 567)

This original proceeding in discipline was filed by Arno Windscheffel, Disciplinary Administrator, against Loren H. Hohman, Sr., an attorney duly admitted to practice law in the State of Kansas.

Ruth F. Neske employed the respondent, Loren H. Hohman, Sr., to represent her in a personal injury action for injuries received in the State of Nebraska. After an extended period of time the respondent was able to negotiate, in December of 1980, a settlement in the amount of $1,500.00. Mrs. Neske endorsed and returned to respondent an insurance company draft in the agreed amount. Respondent's fee was one-third of the amount of the settlement and therefore $1,000.00 was due Mrs. Neske. The draft was dated December 10, 1980. In addition to the practice of law, the respondent was engaged in the real estate business in Topeka. On February 23, 1981, the respondent deposited the insurance company draft in his real estate trust account. After a demand for payment was made on behalf of Mrs. Neske, she received, in the latter part of April, 1981, a check from respondent drawn on his real estate trust account. Mrs. Neske deposited the check in her savings account in The First National Bank of Topeka. The check was returned for insufficient funds on April 30, 1981. The check was again negotiated through banking channels and was again returned because of insufficient funds on May 6, 1981. Following an additional demand upon respondent, Mrs. Neske received a money order for $1,000.00 from respondent's office on May 14, 1981.

Respondent attempts to assert that the error was caused by his secretary depositing the check in the wrong account and due to errors committed by the bank. Neither contention was borne out at the hearing before a panel of the Kansas Board for Discipline of Attorneys. The evidence is clear that respondent did not maintain a separate trust account for his legal business. The panel of the Board found:

"The panel concludes that it has been proven by clear and convincing evidence that the Respondent commingled funds belonging to a client with his own

funds in an account maintained incidental to the Respondent's real estate business; that the Respondent knew or should have known at the time he executed and delivered his check in payment of the client's part of the insurance recovery that the account upon which the check was drawn had insufficient funds to pay the check.

"The panel further concludes that Respondent delayed an unreasonable time in paying to his clients the client's share of the funds received in settlement in violation of Disciplinary Rule 9-102."

The panel recommended that respondent be disciplined by public censure and respondent did not file any exceptions to the panel report. Supreme Court Rule 212(d) (230 Kan. cv).

On the 18th day of February, 1983, the respondent appeared before this court pursuant to Supreme Court Rule 212(d). A careful examination of the record in this case reveals that the findings and conclusions of the disciplinary panel are correct and supported by clear and convincing evidence. Based upon respondent's representations to this court that he is now retired from the practice of law and his information as to the serious health problems of Mrs. Hohman, the court has determined that it will accept the recommendation of the Board for Discipline of Attorneys that discipline be limited to public censure.

It Is Therefore By The Court Ordered that Loren H. Hohman, Sr., be and he is hereby disciplined by this court by public censure and he is hereby ordered to forthwith pay the costs of this proceeding.

It Is Further Ordered that this Order of Public Censure be published in the official Kansas Reports.

By Order of The Court this 26th day of March, 1983.